**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam E. Oliver,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Hartford Accident and Indemnity Company,<br><br>　　　　Defendant. | No. CV-18-00038-PHX-DWL<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Adam Oliver's "Notice of Lodging Controverting Statement of Fact and Exhibits under Seal in Support of Response to Defendant's Motion for Summary Judgment" ("Notice") (Doc. 133.) In it, Plaintiff states that he "gives Notice, pursuant to the Protective Order dated June 12, 2018 (Doc. 36), and [LRCiv] 5.6(d) of lodging Plaintiff's Statement of Controverting Facts Nos. 133 and 134, and Exhibits CC and DD under seal." (Doc. 133 at 1.)

　　　　As an initial matter, LRCiv 5.6(d) sets forth the procedure when one party wishes to file a document that another party has designated as confidential. It provides in part:

> [I]f a party wishes to file a document that has been designated as confidential by another party pursuant to a protective order or confidentiality agreement, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must confer with the designating party about the need to file the document (or proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal. If the parties are unable to agree on these issues, the submitting party must lodge the document (or proposed filing) under seal and file and serve a notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the document (or proposed filing) should be filed under seal.

Here, although the Notice appears to be an attempt to follow the procedure outlined in LRCiv 5.6(d), it fails in several ways. First, Plaintiff has not actually lodged his Statement of Controverting Facts Nos. 133 and 134 and Exhibits CC and DD under seal, even though the Notice purports to give notice that he did so. Second, although Plaintiff's counsel certifies that he "spoke with" Defendant's counsel and sets forth the *opposing* party's position ("Ms. Andrews expressed that the subject matter information is personal, and should remain confidential."), the Notice fails to indicate the *submitting* party's position. The Notice does not indicate whether the parties actually dispute Defendant's position that the information should remain confidential, and it certainly does not summarize any such dispute (*e.g.*, by explaining why Plaintiff disagrees with the confidentiality designation).

Although the Notice is drafted in vague terms, the Court infers that Plaintiff disputes the confidentiality designation and wants to take advantage of the portion of LRCiv 5.6(d) that places the burden on Defendant to defend the confidentiality designation:

> Within fourteen (14) days after service of the notice, the designating party must file and serve either a notice withdrawing the confidentiality designation or a motion to seal and a supporting memorandum that sets forth the facts and legal authority justifying the filing of the document (or proposed filing) under seal. If the designating party seeks to have the document (or proposed filing) filed under seal, the motion must append (as a separate attachment) a proposed order granting the motion to seal. No response to the motion may be filed. If the designating party does not file a motion or notice as required by this subsection, the Court may enter an order making the document (or proposed filing) part of the public record.

To the extent Plaintiff wishes to invoke this portion of LRCiv 5.6(d), he must actually lodge the documents and proposed filings that the Notice purports to give notice of lodging. Once Plaintiff takes this step, Defendant will have 14 days to withdraw the confidentiality designation or file a motion to seal.

Accordingly,

**IT IS ORDERED** that to the extent that Plaintiff Adam Oliver's "Notice of Lodging Controverting Statement of Fact and Exhibits under Seal in Support of Response to Defendant's Motion for Summary Judgment" (Doc. 133), which is docketed as a motion, is intended to be a motion to seal, it is **denied** without prejudice.

**IT IS FURTHER ORDERED** that the Notice will satisfy Plaintiff's obligation under LRCiv 5.6(d) once Plaintiff's Statement of Controverting Facts Nos. 133 and 134, and Exhibits CC and DD are lodged. If Plaintiff lodges these documents, Defendant will have 14 days after the date on which the documents are lodged to file either (1) a notice withdrawing the confidentiality designation on these documents or (2) a motion to seal them.

Dated this 29th day of May, 2019.

Dominic W. Lanza
United States District Judge